## Commonwealth v. Baker

*William B. McClenachan, Jr.,* district attorney, and *Louis A. Bloom,* assistant district attorney, for Commonwealth.

*Frank B. Rhodes* and *William K. Rhodes,* for defendant.

MacDade, J., June 11, 1937.—This defendant was arrested on the charge of "threats to do bodily harm" on February 17, 1937, and, after two continued hearings, had a final hearing before justice of the peace John S. McCleary on February 23, 1937. As shown by the transcript returned to this court, defendant was held in bail to appear at court on the charge of "threats to do bodily harm", as aforesaid.

In such a case as the instant one, the duty of the justice of the peace is stated in the Act of March 18, 1909, P. L. 42, sec. 1.:

"That in all cases of surety of the peace, the justice of the peace before whom such case is instituted shall, before he binds any one over to the next term of the court of quarter sessions and in the meantime to keep the peace, upon the oath of another, as provided by section six of the act of March thirty-one, one thousand eight hundred and sixty (Pamphlet Laws, four hundred and twenty-seven), enter into a full hearing and investigation of the facts;

and shall only bind over the defendant when the evidence shows, to the satisfaction of the justice, that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm."

In order to conform with the act, he is required to show upon his transcript the jurisdictional facts, such as (1) the justice of the peace's suggestion to the parties of the propriety of compromising their differences, (2) a full hearing and investigation of the facts, and (3) actual danger of injury to the prosecutor in body or estate, and threats made by defendant with intent to do harm to the prosecutor: See Commonwealth v. Hooks, 25 Del. Co. 278.

Defendant petitioned us at the trial to quash the transcript. This we are obliged to do in order to be consistent with our former ruling: Commonwealth v. Kraus, 1 D. & C. 531. An inspection of the record satisfies us that the justice of the peace has not affirmatively shown by the transcript which he returned to the court, and which transcript must be returned immediately and not to the next term of the court of quarter sessions: See Commonwealth v. Kern, 3 D. & C. 384; that he has complied with the provisions of the Act of 1909, supra, in the following respects: (1) The suggestion to the parties of the propriety of compromising their differences, (2) a full hearing and investigation of the facts, (3) a specific finding that the evidence shows that the danger of being hurt in body or estate is actual, and (4) threats made by defendant with intent to do harm. These requirements having not been met, we are obliged to quash the transcript or return of the justice of the peace, which we hereby do sec. reg. et sec. leg.